UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT L. HOLLAND,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>BACH, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 07cv1362-MMA (WMc)<br><br>REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

Everett L. Holland (hereinafter "Plaintiff"), a California state prisoner incarcerated at Salinas Valley State Prison, proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims while incarcerated at Calipatria State Prison in Calipatria, California, Defendants Sergeant V. Bach, Correctional Officer F. Gonzales, and Correctional Officer D. Naranjo-Flores violated his civil rights in January of 2007 by harming and harassing him. (Plaintiff's Complaint, hereinafter "Comp." at 9). Specifically, Plaintiff claims Defendants violated his Eighth Amendment right to freedom from cruel and unusual punishment. (Comp. at 3). Based on this claim, Plaintiff is seeking declaratory and injunctive relief, as well as compensatory and punitive damages. (Comp. at 9).

## II. PROCEDURAL BACKGROUND

On January 16, 2007, Plaintiff was detained by Defendant Gonzales on 3B yard. (Comp. at 3; Defendants' Memorandum of Contentions of Law and Fact, hereinafter "MCLF" at 2).

Defendants Gonzales, Bach, and Naranjo-Flores later subjected Plaintiff to an unclothed body

1  search in the Sallyport area of Unit 3. (MCLF at 2).

2  Plaintiff was given a CDC-115 Rules Violation Report for threatening an officer. (Comp. at 5;
3  MCLF at 2).

4  Prior to placement in administrative segregation ("ad seg"), Plaintiff was examined by Medical
5  Technical Assistant D. Erwin. (Comp. at 5; MCLF at 2). Plaintiff indicated to D. Erwin that he had no
6  visible injuries, but complained of pain in his lower back/upper buttocks. (MCLF at 2).

7  On January 17, 2007, the next day, Plaintiff was seen by Dr. Bruce Covener with complaints he
8  suffered bruising around his anal area; he was told to use ice and to avoid compression. (Comp. at 11;
9  MCLF at 2).

10  On January 18, 2007, Plaintiff submitted an Inmate/Parolee Appeal Form to the Department of
11  Corrections and Rehabilitation Inmate Appeals Branch. (Comp. at 14).

12  On February 19, 2007, Plaintiff was sent a Memorandum alleging Staff Complaint Response -
13  Appeal #CAL-A-07-00234, informing Plaintiff his appeal was partially granted at the First Level.[1] *Id.* at
14  19.

15  On March 27, 2007, Plaintiff was sent a Memorandum concerning Staff Complaint Response -
16  Appeal #CAL-A-01-0234, informing Plaintiff his appeal was partially granted at the Second Level. *Id.* at
17  20.

18  On June 29, 2007, Plaintiff's Inmate Appeal was denied by the Inmate Appeals Branch, citing
19  California Penal Code Section 832.7, 832.8 and California Code of Regulations, Title 15, Section: 3004,
20  3391. *Id.* at 13.

21  **On July 25, 2007, Plaintiff filed the subject Complaint under the Civil Rights Act, 42 U.S.C. §**
22  **1983, alleging Plaintiff's civil rights were violated at Calipatria State Prison and naming Sergeant**
23  **Bach, C/O F. Gonzales, and C/O Naranjo-Flores as Defendants. [Doc. No. 1].**

24  On December 5, 2007, Defendants filed their Answer and Demand for Jury Trial, asserting nineteen
25  affirmative defenses. [Doc. No. 13].

26  On April 15, 2008, Plaintiff filed a Motion for Preliminary Injunction or Preliminary Restraining

27

28  [1]Memorandum was dated February 19, 2007, but was signed and dated February 22, 2007. [Doc. No. 1, at 19].

1  Order pursuant to Federal Rule of Civil Procedure 65(a). [Doc. No. 28].

2  On May 16, 2008, Plaintiff filed a Motion for Order Compelling Discovery. [Doc. No. 32].

3  On May 28, 2008, Defendants filed their Opposition to Plaintiff's Motion for Preliminary
4  Injunction. [Doc. No. 36].

5  On August 8, 2008, Defendants filed the subject Motion for Summary Judgment. [Doc. No. 39].

6  On September 22, 2008, Defendants filed an Ex Parte Application For Extension to File Reply on
7  Motion for Summary Judgment. [Doc. No. 42].

8  On September 23, 2008, Defendants filed Reply to Plaintiff's Opposition to Defendants' Motion for
9  Summary Judgment and Opposition to Plaintiff's Motion for a Continuance. [Doc. No. 44].

10  On September 26, 2008, Plaintiff filed Motion for a Rule 56(f) Continuance to Deny Summary
11  Judgment. [Doc. No. 46].

12  On November 14, 2008, this Court granted in part and denied in part Plaintiff's Motion pursuant to
13  F.R.C.P. 56(f).[2] [Doc. No. 53].

14  On January 15, 2009, this Court issued an Order directing Plaintiff to provide defense counsel with
15  a list of ten inmates from whom Plaintiff wanted to gather information, and ten interrogatories directed at
16  those identified inmates on or before January 22, 2009, returnable by February 16, 2009. [Doc. No. 57].
17  Additionally, the Order stated no further continuances would be granted absent a showing of good cause.
18  *Id.*

19  On March 18, 2009, Plaintiff filed eighteen exhibits with the Court, including the Declarations of
20  fellow inmate Jerrell Guyton, and his sister, Gloria Thompson. [Do. No. 61]. Plaintiff has not filed any
21  subsequent motion to extend discovery.

22  On April 6, 2009, Defendants filed an Objection to Evidence submitted by Plaintiff in Opposition

---

26  [2]The Court found Plaintiff had a partially meritorious 56(f) claim and granted him a continuance to procure
affidavits of inmates who may have witnessed Plaintiff's and Defendants' behavior in the B Facility yard. [Doc. No. 53].
27  The Court noted the possible importance of these witnesses because there were no witnesses in the Sallyport area where
the alleged Eighth Amendment violation occurred. *Id.* The Court, however, found Plaintiff did not have insufficient access
28  to the prison law library, nor would a deposition of Dr. Covener provide any useful additional information because Dr.
Covener had previously submitted his medical report, and did not "specifically remember" Plaintiff. *Id.*

to Motion for Summary Judgment.[3] [Doc. No. 62].

### III. FACTUAL ALLEGATIONS

The following is taken from the parties pleadings, and is not to be construed as findings of fact by the Court.

Plaintiff alleges on January 16, 2007, Correctional Officer Gonzales detained him on 3B yard, and inquired if Plaintiff was authorized to be on the yard. (Comp. at 3). After Plaintiff responded affirmatively, Defendant Gonzales allegedly subjected Plaintiff to a clothed body search. (Comp. at 3). Approximately 30 minutes later, Plaintiff alleges Defendant Gonzales detained Plaintiff a second time and again subjected him to a clothed body search. *Id.* A verbal disagreement ensued, and Defendants Gonzales, Bach, and Naranjo-Flores escorted Plaintiff to the 3B housing unit. *Id.* Defendants allege Plaintiff threatened Defendants Gonzales and Naranjo-Flores and attempted to incite other inmates to attack the Defendants. (MCLF at 2). Plaintiff alleges while en route to the housing unit, Defendants assailed Plaintiff with a barrage of verbal abuse with the "obvious intent to demean and degrade" the him. (Comp. at 4). Upon arrival at the 3B housing unit, Defendants told Plaintiff to disrobe and conducted an unclothed body search in the Sallyport area. *Id.* Plaintiff alleges Defendants Gonzales and Naranjo-Flores forced him against the wall and Defendant-Gonzales attempted to force an object into Plaintiff's anal area, causing injury to his person. *Id.* Defendants contend no force was used against Plaintiff because the use of force was not needed. (MCLF at 2). Plaintiff further alleges Defendants "conspired to conceal their alleged misconduct by fabricating a [CDC-115 Rules Violation Report for threatening an officer] against Plaintiff. (Comp. at 4).

### IV. STANDARD OF REVIEW

**A. Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes the granting of a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The standard for granting a motion for summary judgment is

---

[3] The specific items objected to were: Exhibit (F) - a guide for filling out medical forms on grounds of relevance; Exhibit (O) - Mental Health Progress Notes on grounds of relevance, vagueness, hearsay, and lack of foundation; the Declaration of Gloria Thompson on grounds of relevance, and hearsay; the Declaration of Donnell Atlas on grounds of relevance; and a news article on grounds of relevance, and lack of foundation. [Doc. No. 62].

essentially the same as for the granting of a directed verdict. Judgment must be entered, "if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). However, "[i]f reasonable minds could differ," judgment should not be entered in favor of the moving party. *Id*.

The parties bear the same substantive burden of proof as would apply at a trial on the merits, including plaintiff's burden to establish any element essential to his case. *Liberty Lobby*, 477 U.S. at 252; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The moving party bears the initial burden of identifying the elements of the claim in the pleadings, or other evidence, which the moving party "believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. *at* 323. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982). More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The burden then shifts to the nonmoving party to establish, beyond the pleadings, there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. To successfully rebut a properly supported motion for summary judgment, the nonmoving party "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the plaintiff[]'s favor, could convince a reasonable jury to find for the plaintiff[]." *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000)(citing Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 249).

While the district court is "not required to comb the record to find some reason to deny a motion for summary judgment," *Forsberg v. Pacific N.W. Bell Tel. Co.*, 840 F.2d 1409, 1417-18 (9th Cir. 1988), *Nilsson v. Louisiana Hydrolic*, 854 F.2d 1538, 1545 (9th Cir. 1988), the court may nevertheless exercise its discretion "in appropriate circumstances," to consider materials in the record which are on file but not "specifically referred to." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). However, the court need not "examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the moving papers with adequate references so that it could be

1  conveniently found." *Id.*

2  In ruling on a motion for summary judgment, the court need not accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "No valid interest is served by withholding summary judgment on a complaint that wraps nonactionable conduct in a jacket woven of legal conclusions and hyperbole." *Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989).

## V. DISCUSSION

### A. Introduction

#### 1. Defendants' Motion for Summary Judgment

Defendants contend summary judgment is appropriate because the corrections officers did not use unreasonable and excessive force against the Plaintiff. Defendants further state any force used was *de minimis* and the injuries sustained by Plaintiff were also *de minimis*. Thus, summary judgment is appropriate against Plaintiff because he has failed to raise a cognizable claim under the PLRA. [Doc. No. 39]. In the alternative, should the Court find Plaintiff has met his burden, Defendants claim to be free from prosecution because they were acting in their official capacities pursuant to the doctrine of qualified immunity. *Id.*

#### 2. Plaintiff's Response to Defendants' Motion for Summary Judgment

Plaintiff submits eighteen exhibits in support of his Response to Defendants' Motion for Summary Judgment. Plaintiff does not make any additional argument in favor of his position, but simply reiterates his previous claim that he suffered more than a *de minimis* injury, and, in the alternative, Defendants used excessive force in violation of the Eighth Amendment. [Doc. No. 61]. Plaintiff also contends Defendants are not entitled to qualified immunity because reasonable officers in the position of Defendants would have known their actions violated the Constitution. *Id.*

### B. The "Essential Element" Requirement for a Claim to Survive Summary Judgment

For Plaintiff's claim to survive Defendants' motion for summary judgment, Plaintiff must show there is a genuine issue for trial. If Plaintiff is unable to show he suffered a "physical injury," as required under the Prison Litigation Reform Act ("PLRA"), or fail to show Defendants' acts were "malicious and

1  sadistic,"[4] there is no genuine issue for trial, and Defendants' motion for summary judgment should be
2  granted because Plaintiff will have failed to establish an "essential element" of his claim. *Celotex,* 477 U.S.
3  at 322.

### 1. The Physical Injury Requirement and the *De Minimis* Threshold

For a prisoner to bring a claim under the PLRA, the prisoner must show he suffered a "physical injury." 42 U.S.C. § 1997e(e). Furthermore, for the claim to stand, the physical injury suffered must be more than *de minimis*. *Oliver v. Keller,* 289 F.3d 623, 628 (9th Cir. 2002). In determining whether an injury is *de minimis*, courts have held "[a] physical injury is an observable or diagnosable medical condition requiring treatment by a medical professional." *Glosson v. Morales,* 469 F.Supp.2d 827, 834 (S.D.Cal. 2007) (internal quotations omitted). Applying this analysis, the court held sore muscles, abrasions, and bruises, are *de minimis* injuries because a "free world person" would not seek medical attention for them. *See, Id.* (applying the "free world person" analysis and holding abrasions, contusions, and a chipped tooth, do not exceed the *de minimis* injury threshold). Although not explicitly applying the "free world person" analysis, other courts have come to similar conclusions. *Oliver,* 289 F.3d 623 (holding a "painful canker sore" is *de minimis*); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997 )(holding an ear which remained bruised for three days is a *de minimis* injury).

In contrast, an injury has been found to pass the *de minimis* threshold when prison officials beat a prisoner causing bruises, swelling, loosened teeth, and a cracked dental plate. *Hudson v. McMillian,* 503 U.S. 1, 10 (1992). Sufficient physical injury has also been found when prison officials cease to provide hormone therapy to an individual undergoing sex reassignment treatment, resulting in nausea, hair loss, a return of masculine characteristics and the onset of depression with suicidal thoughts. *Wolfe v. Horn,* 130 F.Supp.2d 648, 658 (E.D.Pa. 2001). Applying the "free world person" analysis, it is clear a beating resulting in loosened teeth and a cracked dental plate, or the cessation of hormone treatment prompting the onset of suicidal thoughts, would lead a "free world person" to seek medical attention.

In the present case, Plaintiff asserts Defendants verbally abused him, shoved him against a wall, performed an unnecessary strip search, and bruised him when they attempted to insert something in his anal area. (Comp. at 3). Plaintiff was examined by a Medical Technical Assistant ("MTA") but did not complain

---

[4] *Hudson v. McMillian,* 503 U.S. 1, 9 (1992).

1  of any visible injuries. (Declaration of MTA ¶ 6 ). On January 17, 2007, Dr. Covner examined Plaintiff
2  and noted a bruise on Plaintiff's upper right buttocks, but no damage to his anus. (Declaration of Dr. Covner
3  ("Dr. Dec.") ¶ 7). Dr. Covner told Plaintiff to "use ice and avoid compression." *Id.* On January 24, 2007,
4  Dr. Covner saw Plaintiff again. *Id.* ¶ 9. Plaintiff told Dr. Covner the bruise was healing and he was in much
5  less pain. *Id.*

6  Applying the "free world person" standard to determine whether an injury exceeds the *de minimis*
7  threshold, it is clear Plaintiff's injury does not satisfy this requirement. Plaintiff's only injury was a bruise
8  on his buttocks. *Id.* ¶ 7. The case law clearly states a bruise or contusion is insufficient to pass the *de*
9  *minimis* threshold. *Glosson,* 469 F.Supp.2d at 834; *Siglar,* 112 F.3d at 193. Instead, it is necessary the
10 Plaintiff show an injury which requires medical attention, not at home first aid. *See, Glosson,* 469
11 F.Supp.2d at 834. Plaintiff's bruise was treated with an ice pack and the advice to avoid compression. (Dr.
12 Dec. ¶ 7). This type of treatment clearly falls on the side of home administered first aid, and not the type of
13 emergency doctor care required by the *de minimis* standard. Thus, Plaintiff's injury is *de minimis* and will
14 not support a claim under the PLRA unless Plaintiff can show the Defendants used excessive force in order
15 to cause harm, and not to restore order.

16 **2. The "Malicious and Sadistic" Requirement in the Absence of a Greater than *De Minimis***
17 **Injury**

18 However, if prison officials used excessive force against the prisoner, even if the resulting physical
19 injury is *de minimis*, the prisoner may still have a cognizable claim under the PLRA for a violation of the
20 Eighth Amendment. *Hudson,* 503 U.S. 1. "[W]henever prison officials stand accused of using excessive
21 physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is . . . :
22 whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and
23 sadistically to cause harm." *Id*. at 9. "Malicious and sadistic" behavior has been found when prison
24 officials punch and kick a prisoner in the mouth and body while he is hand-cuffed and shackled. *Id.* at 1.
25 Because the acts of the prison officials were not to "restore discipline," but were instead a form of
26 entertainment for them,[1] their actions were "repugnant," violating the Eighth Amendment even in the

---

[1] The supervising officer witnessed the beating of Plaintiff, but told the officers involved in the beating simply "not to have too much fun." *Hudson,* 503 U.S. at 4.

1   absence of an injury satisfying the *de minimis* threshold.[2] *Id.* at 7. Thus, it is clear in order for a claim of
2   cruel and unusual punishment to stand in the absence of an injury exceeding the *de minimis* threshold, the
3   Plaintiff must show the government agent acted not to restore order, but in a malicious and sadistic manner
4   repugnant to the Eighth Amendment.

5   In the present case, Plaintiff alleges the Defendants swore at him, pushed him against a wall, and
6   attempted to insert an object into his anal area. (Comp. at 3). Plaintiff, however, has no evidence to
7   support this claim. Instead, he relies on a declaration from a fellow prisoner stating he was taken aside by
8   Defendants and questioned twice. (Declaration of Jerrell Guyton). Plaintiff does not provide any witness
9   testimony to the strip search, or any witnesses to officer misconduct.

10  Defendant Gonzalez states he prevented Plaintiff from entering a cell block for which he did not
11  have a pass. (Gonzalez Declaration ¶ 2). Defendant Gonzalez also states Plaintiff attempted to reenter the
12  same cell block thirty minutes later. *Id.* Due to Plaintiff's suspicious behavior, Defendants Gonzalez, Bach,
13  and Naranjo-Flores, escorted Plaintiff back to his cell block in order to conduct a strip search. *Id.* ¶ 3.
14  Defendant Gonzalez states Plaintiff became verbally abusive and threatening when informed he would be
15  strip searched. *Id.* ¶ 4. Due to the threats, Defendant Bach told Defendants Gonzalez and Naranjo-Flores to
16  place Plaintiff in restraints. *Id.* Defendant Gonzalez claims, when transporting Plaintiff to the Program
17  Office, Plaintiff attempted to incite other prisoners to assault the guards, and made further threats against
18  the Defendants. *Id*. ¶ 5. Defendants Gonzalez and Naranjo-Flores state no force was used against Plaintiff.
19  *Id.* ¶ 7; (Naranjo-Flores Declaration ¶ 6). From the evidence provided, it appears the actions of Defendants
20  were to restore order and were not malicious and sadistic. Thus, Plaintiff has failed to show the Defendants
21  acts were repugnant to the Eighth Amendment. Therefore, Plaintiff has failed to demonstrate the facts of
22  his claim fit within the exception to the physical injury requirement of an Eighth Amendment excessive
23  force claim.

24  **3. Application of Summary Judgment Standard**

25  Defendants' Motion for Summary Judgment should prevail "if, under the governing law, there can
26  be but one reasonable conclusion as to the verdict." *Liberty Lobby, Inc.*, 477 U.S. at 250-51. Defendants
27  have met this burden by showing Plaintiff has failed to establish either the necessary element of "physical

28
---
[2] The Court did hold the prisoner's injuries exceeded the *de minimis* requirement but still established it was unnecessary for them to be so for a claim to stand. *Hudson v. McMillian,* 503 U.S. 1 (1992).

1  injury," or that Defendants were "malicious and sadistic" in their actions. Thus, Plaintiff has not established
2  an "essential element" for a claim to stand under the PLRA. *See, Id.* at 252; *Celotex,* 477 U.S. at 322.
3  Finally, Plaintiff has failed to rebut Defendants' arguments there is no genuine issue for trial.  Accordingly,
4  it is recommended Defendants' Motion for Summary Judgment should be **GRANTED**.

## C. Qualified Immunity

Defendants assert the affirmative defense of qualified immunity.  Qualified immunity entitles government officials to "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original).  Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted).  Generally, the qualified immunity doctrine must "'give [] ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229 (1991).

Analysis of qualified immunity begins with the two-step sequence of analysis set forth by the Supreme Court in *Saucier v. Katz*, 502 U.S. 224 (2001).  Initially, a court must determine whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendants' conduct violated constitutional right. *Id.* at 201 (instructing federal courts not to assume the existence of a constitutional right even if it is clear the defendants would be entitled to qualified immunity).  If the answer to that question is no, then the case must be dismissed as there is no valid cause of action. *Vance v. Barrett*, 345 F.3d 1083, 1088 (9th Cir. 2003).  On the other hand, if a violation could be made out, the next step is to ask whether the constitutional right was clearly established and, if so, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *See Saucier* 533 U.S. at 202;  *Robinson v. Solano County*, 278 F.3d 1007, 1013 (9th Cir. 2002) (*en banc*) (explaining "we must ask first whether the facts taken in the light most favorable to the plaintiff would establish a [constitutional] violation . . . .  Only if the answer is in the affirmative should we address the immunity issue."); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (having concluded there was no constitutional violation the court need not reach the issue of qualified immunity).

Because the Court has found no triable issue regarding the alleged violations of Plaintiff's Eighth Amendment rights, the Court need not reach any issues regarding qualified immunity. *See County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998) ("[T]he better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged the deprivation of a constitutional right at all."); *see also, Katz*, 533 U.S. at 201. ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

## VI. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) **GRANTING** Defendants' Motion for Summary Judgment as set forth herein.

**IT IS ORDERED** that no later than **August 21, 2009**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 4, 2009.** The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: July 30, 2009

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court