# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT L. HOLLAND,<br><br>                    Plaintiff,<br><br>vs.<br><br><br><br>BACH, et al.,<br><br>                    Defendant. | CASE NO. 07cv1362-MMA(WMc)<br><br>**ORDER ACCEPTING REPORT AND ADOPTING FINDINGS, CONCLUSIONS, and RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 63]<br><br>**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 39] |

      Plaintiff Everett L. Holland, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to United States Magistrate Judge William McCurine, Jr. pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. On August 8, 2008, Defendants Sergeant V. Bach, Correctional Officer F. Gonzales, and Correctional Officer D. Naranjo-Flores filed a Motion for Summary Judgment seeking dismissal of Plaintiff's sole remaining Eighth Amendment claim [Doc. No. 39]. On July 30, 2009, Judge McCurine filed a Report containing findings and conclusions, upon which he bases his recommendation that the Court grant Defendants' motion and enter summary judgment against Plaintiff [Doc. No. 63]. On August 21, 2009, Plaintiff filed Objections to the Report and Recommendation [Doc. No. 64].

**PLAINTIFF'S OBJECTIONS**

Plaintiff objects to Judge McCurine's Report and Recommendation on two grounds. First, Plaintiff objects to the finding and conclusion that his injuries sustained as a result of Defendants' actions were *de minimis*. Second, Plaintiff challenges the finding and conclusion that Defendants acted in a good faith effort to "restore order" pursuant to *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

*1.     Objection Re: De Minimis Injury*

Plaintiff objects to Judge McCurine's finding and conclusion that the injury sustained by Plaintiff during his altercation with Defendants, a bruise on his upper right buttocks, does not meet the constitutional threshold for physical injury.[1] Plaintiff alleges that Defendants attempted to assault his anal region with some sort of object, causing more than a *de minimis* injury. Plaintiff cites to the portion of the record on summary judgment demonstrating that he received medical treatment for his injury twice. Plaintiff also challenges Judge McCurine's reliance on the declaration testimony of the attending Medical Technical Assistant ("MTA") that Plaintiff reported no physical injury. Plaintiff argues that the MTA did not complete the medical report form, and therefore did not record his statement of injury.[2]

The Court has reviewed the relevant portions of the record, including Plaintiff's treating physician's notes and declaration testimony, and the attending MTA's declaration testimony, as well as the completed "Medical Report of Injury or Unusual Occurrence" form. The evidence clearly supports Judge McCurine's finding and conclusion. Plaintiff's treating physician diagnosed Plaintiff as suffering from a contusion to his upper right buttocks. The physician found no physical injury to Plaintiff's anal region, nor any evidence of an attempted assault to that area. The medical report form contradicts Plaintiff's assertion that the MTA failed to report Plaintiff's physical injury. The form indicates via diagram the existence of an injury to and pain in the upper right buttocks area,

---

[1] The Ninth Circuit has held that in this context a physical injury that need not be significant but must be more than *de minimis*. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

[2] Plaintiff also claims that he lacked sufficient evidence to support his case because Judge McCurine denied several discovery requests in his ruling on Plaintiff's Rule 56(f) motion. Plaintiff did not seek reconsideration of or object to the ruling. In any event, the Court has reviewed Plaintiff's motion, the requests, and Judge McCurine's ruling, and finds no error.

marked by an "x."

### 2. *Objection Re: Good Faith*

Plaintiff also objects to Judge McCurine's finding and conclusion that Defendants acted in good faith to restore order and did not act maliciously or sadistically during the altercation with Plaintiff. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Specifically, Plaintiff claims that Judge McCurine erroneously found that Plaintiff became verbally abusive, made threats, and incited other inmates to assault Defendants. Plaintiff alleges that Defendants Bach and Naranjo-Flores stated in sworn affidavits that they did not hear any such threats or verbal abuse firsthand, and that two inmates in the surrounding area at the time did not witness Plaintiff acting disruptively.

The Court has reviewed the pertinent portions of the summary judgment record. Defendant Naranjo-Flores testified in his sworn declaration that he "was standing approximately ten feet from Plaintiff during the search when I heard Plaintiff make the following statement: 'You mother fuckers don't know who you're fucking with.'" Defendant Bach testified in his declaration that he did not hear Plaintiff's statement made to Naranjo-Flores, but he was present and physically escorting Plaintiff subsequent to the strip search when Plaintiff made threats and statements inciting other inmates to assault the guards. Defendants' testimony is consistent and not refuted by any other portion of the record.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds Judge McCurine's Report and Recommendation to be fully supported by the record and based on a thorough and well-reasoned analysis. Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety and **GRANTS** Defendants' Motion for Summary Judgment. This Order disposes of all remaining claims. The Clerk of Court is requested to enter final judgment accordingly and terminate this case.

**IT IS SO ORDERED**.

DATED: September 8, 2009

_____
Hon. Michael M. Anello
United States District Judge